# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 09-32943-MER |
| RANCHER ENERGY CORP., ) | |
| a Nevada corporation ) | Chapter 11 |
| EIN: 98-0422451 ) | |
| ) | |
| Debtor. ) | |

## DEBTOR RANCHER ENERGY CORP.'S SUPPLEMENTAL EMERGENCY MOTION FOR USE OF CASH COLLATERAL

Debtor, Rancher Energy Corp., through its attorneys, Dufford & Brown, P.C., hereby moves this Court for an Order approving the use of cash collateral and requests an immediate hearing to avoid irreparable harm pursuant to 11 U.S.C. § 363(c)(2)(B) and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure. In support of this Motion, Debtor relies upon the following:

1. On November 2, 2009, Debtor previously filed its Motion for Order Approving Use of Cash Collateral and Request for Immediate Hearing to Avoid Irreparable Harm [Doc. No. 21] ("Debtor's Original Motion").

2. Debtor's Original Motion was considered on Tuesday, November 3, 2009, as part of the proceeding with respect to GasRock Capital, LLC's ("GasRock") Motion for Adequate Protection [Doc. No. 19]. The hearing was continued.

3. The Court set another cash collateral interim hearing for Tuesday, November 17, 2009, commencing at 1:00 p.m.

4. Prior to November 17, 2009, Debtor has immediate need for the use of available cash to pay those items shown on the attached Cash Flow Analysis and Budget, in particular, employees' post-petition wages and benefits (payroll due on November 6, 2009 and November 13, 2009), oil field operating expenses, utilities for oil field operations, as well as rent until Debtor vacates its current office space. See Exhibit A attached hereto.

5. Several items on Exhibit A attached are listed as "estimated" because the monthly invoices for such items are typically not received by Debtor until mid-month, but are payable on receipt or, in the case of royalty revenue to royalty and working interest owners, when crude oil run checks/payments are received. If these items are not paid between November 6, 2009 and

November 17, 2009, they will have to be paid between November 17, 2009 and November 30, 2009.

6. Attached as Exhibit B is the most recent Daily Production Report form the field.

7. 11 U.S.C. § 363(c)(2)(A) permits the use of cash collateral if ". . . each entity that has an interest in such cash collateral consents; . . ."

8. GasRock is the only entity claiming a security interest in Debtor's available cash.

9. Debtor, through counsel, has requested that GasRock agree to the use of cash collateral pursuant to the attached Cash Flow Analysis and Budget without the need for a further cash collateral hearing on the use of available cash.

10. GasRock, through counsel, has refused. GasRock stated that it would agree to the use of cash collateral by the Debtor only if the Debtor agreed to the validity, priority, extent and perfection of the existing GasRock liens and to grant a replacement post-petition lien.

11. Debtor, through counsel, states that the review of the original GasRock loan transaction, including recorded mortgages or other security documents, and other loan matters has not been completed by Debtor's current management and professionals. Current Management did not participate in the original GasRock transaction or amendments that provided for extensions and transfer of other collateral and properties.

12. Debtor's interim Chapter 11 counsel, Dufford & Brown, P.C., was not involved in the original GasRock transaction and they are not fully advised as to the attachment, perfection or validity of any mortgage lien and security interest that GasRock actually may have in Debtor's assets.

13. As mentioned in Debtor's Original Motion, the actions of GasRock in "sweeping" the "Lock Box" account of the Debtor has prevented use of pre-petition and post-petition cash. These actions, although subject to further investigation by the Debtor, may well involve turnover or setoff issues with respect to post-petition assets and pre-petition receivables under 11 U.S.C. §§ 542 and 553.

14. The lock box arrangement with GasRock must be terminated so that proceeds of oil and gas production are deposited into the Debtor-in Possession account for proper handling and use in connection with this case.

15. As set forth in the previous motion for use of cash collateral, GasRock is adequately protected by an equity cushion in the value of the collateral in excess of $3,000,000.

WHEREFORE, the Debtor prays this Court

(a) enter an Order approving the use of cash collateral consistent with the Cash Flow Analysis and Budget attached hereto as Exhibit A on an interim basis;

(b) enter an Order terminating the GasRock lock box arrangement and providing that all proceeds of oil and gas production be deposited into the Debtor-in –Possession account;

(c) set a final hearing to consider and approve the use of cash collateral consistent with the Debtor's Cash Flow Analysis and Budget on a final basis;

(d) to hear Debtor's issues with respect to the funds swept by GasRock Capital, LLC from the Wells Fargo "Lock Box" account; and finally;

For such other and further relief as is justified and equitable in the circumstances.

Respectfully submitted this 6th day of November, 2009.

DUFFORD & BROWN, P.C.

*/s/ Herbert A. Delap*
Herbert A. Delap, #1005
Randall J. Feuerstein, #10479
1700 Broadway, Suite 2100
Denver, CO  80290
Phone:  (303) 861-8013
Fax:  (303) 832-3804
Email: cdelap@duffordbrown.com
         rfeuerstein@duffordbrown.com

ATTORNEYS FOR DEBTOR

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of November, 2009, a true and correct copy of the foregoing **DEBTOR RANCHER ENERGY CORP.'S SUPPLEMENTAL EMERGENCY MOTION FOR USE OF CASH COLLATERAL** was served via U.S. mail, postage prepaid and addressed to the following:

Leo Weiss, Esq.
United States Trustee's Office
999 18th Street, Suite 1551
Denver, CO 80202

Chad S. Caby, Esq.
Brent R. Cohen, Esq.
Rothgerber, Johnson & Lyons, LLP
1200 17th Street, Suite 300
Denver, CO 80202

John P. Melko
Gardere Wynne Sewell, LLP
1000 Louisiana, Suite 3400
Houston, TX 77002-5011

Michael P. Cooley
Gardere Wynne Sewell, LLP
1601 Elm Street, Suite 3000
Dallas, TX 75201

Jolene M. Wise, Esq.
Securities and Exchange Commission
175 W. Jackson Blvd.
Chicago, IL 60604

                                         */s/ Carol J. Kelly*
                                         Carol J. Kelly, Legal Assistant